NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWIGHT DONALD LEWIS,<br><br>                  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | Civil Action No. 10-1496 (SDW)<br><br><br>OPINION<br><br><br>September 15, 2011 |

**WIGENTON**, District Judge.

Before the Court is the Petition of Dwight Donald Lewis ("Lewis" or "Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 or Section 2255") (the "Petition"). The United States of America ("Government" or "Respondent") moves to dismiss the Petition. For the reasons set forth below, the court **DENIES** the Petition and **GRANTS** Respondent's Motion to Dismiss with prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 7, 2003, Petitioner, a Jamaican citizen, was arrested in Paterson, New Jersey for possession of cocaine base. (Resp.'s Br. at 2.)[1] On April 28, 2004, Petitioner pled guilty to a charge of Conspiracy to Distribute a Controlled Dangerous Substance, in violation of N.J. Stat. Ann. §§ 2C:5-2 and 2C:35-5(b)(3) and was later sentenced to three years probation for that charge. (Resp.'s Br. at 2.) In that proceeding, Petitioner was represented by private counsel John Somohano, Esq. ("Mr. Somohano"). (*Id.* at 2-3; Certif. of John Somohano at ¶¶ 3-4.)

---

[1] Although it is not standard practice in this Court to cite to parties' briefs for objective statements of facts, the Court does so here due to the incomplete record available in this matter.

Petitioner subsequently violated the conditions of his probation by sustaining new criminal charges deriving from arrests in South Hackensack, New Jersey on May 6, 2004, and in Paterson, New Jersey on May 13, 2004.  (Resp.'s Br. at 2.)  As a result, on February 10, 2005, Petitioner's probation was revoked and he was sentenced to four years of incarceration following a guilty plea.  (*See id.* at 3.)  Petitioner did not appeal to withdraw his plea nor did Petitioner file for any post-conviction relief in state court.  (*Id.*)  After serving just one year of his prison sentence, Petitioner was deported on February 23, 2006 to his native Jamaica.  (*Id.*)

Two years later, on March 21, 2008, Petitioner—after illegally reentering the country—was arrested in New Jersey on state criminal charges related to drug sales and possession of a firearm.  (*Id.*)  Immigration records revealed that Petitioner did not receive authorization from the U.S. Attorney General to reapply for readmission to the United States after being deported.  (*Id.*)  Thus, on April 24, 2008, law enforcement agents from the Bureau of Immigration and Customs Enforcement arrested and charged Petitioner with aggravated reentry.  (*Id.*)  Petitioner was represented by Federal Public Defender Lorraine Gauli-Rufo, Esq. on the aggravated reentry charge.  (*Id.*)

On December 12, 2008, Petitioner pled guilty to a charge of aggravated reentry into the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).  (Resp.'s Br. at 3-4.)  On March 24, 2009, this Court sentenced Petitioner to thirty-eight months imprisonment—a sentence that was less than the forty-six to fifty-seven months recommended by the U.S. Probation Office in its pre-sentence report.  (*Id.* at 4.)  On March 23, 2010, Petitioner commenced the instant action by filing a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

**LEGAL STANDARD FOR § 2255 PETITIONS**

A district court, in considering a § 2255 petition, must "accept the truth of the [petitioner's] factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (citation omitted) (internal quotation marks omitted). If the § 2255 petition and the underlying case record show conclusively that the petitioner is not entitled to relief, the district court is not required to hold an evidentiary hearing. *See Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS (2011): "[i]f it plainly appears from the [petition], any attached exhibits, and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the [petition] and direct the clerk to notify the [petitioner]."

The Supreme Court has "long and consistently affirmed" that habeas corpus is not a substitute for direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Indeed, greater deference to state court decisions is required on habeas petitions than on direct appeal because the writ of Habeas Corpus is "a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected." *Id.* at 164. Thus, where the petitioner failed to raise a claim on direct review, "the writ is available only if the petitioner establishes 'cause' for the waiver and 'actual prejudice resulting from the alleged . . . violation.'"[2] *Reed v. Farley*, 512 U.S. 339, 354 (1994) (alteration in original) (quoting *Wainright v. Sykes*, 433 U.S. 72, 84 (1977)).

---

[2] In addition, a habeas petitioner can avoid procedural default absent cause and prejudice if he can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a showing, however, is narrowly limited and not implicated in the instant action. As the Supreme Court explained:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time

3

"Cause" "requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Cause "must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis added). This includes "interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McClesky*, 499 U.S. at 494 (internal quotation marks omitted) (citation omitted). "[C]onstitutionally ineffective assistance of counsel . . . is cause;" however, "[a]ttorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default." *Id.* (first alteration in original) (internal quotation marks omitted) (citation omitted). "Prejudice"—as explained by Justice Stevens in *Henderson v. Kibbe*, 431 U.S. 145 (1977)—requires a showing that the alleged error "'so infected the entire trial that the resulting conviction violates due process.'" *Frady*, 456 U.S. at 169 (quoting *Henderson*, 431 U.S. at 154).

**DISCUSSION**

Petitioner claims that he was denied effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) for two reasons. First, regarding his 2003 arrest, Petitioner claims that neither his attorney, Mr. Somohano, nor the government notified Petitioner of his right to contact the Jamaican Consulate, in violation of Vienna Convention on Consular Relations, art. 36, Apr. 24, 1963, 21 U.S.T. 77, 100-101,

---

> ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995).

4

T.I.A.S. No. 6820 ("Vienna Convention"). (Pet. at 5-7.) Second, regarding Petitioner's plea hearing or sentencing in 2004 and 2005, Petitioner contends that Mr. Somohano failed to object to the introduction of laboratory reports that revealed the contents found in the Petitioner's possession to be cocaine base, or to cross-examine the chemist concerning the accuracy of those reports. (Pet. at 8-11.)

Petitioner did not raise either of these claims on direct appeal in state court or in any state post-conviction proceeding. Consequently, these claims are procedurally barred unless he can establish cause for his failure to raise his present claims on direct review. As discussed above, ineffective assistance of counsel constitutes cause. Thus, if Petitioner can establish ineffective assistance of counsel, he can avoid procedural default and this Court can reach the merits of his claim. However, as is discussed below, Petitioner cannot establish ineffective assistance of counsel and thus cannot establish cause so as to avoid procedural default.

### Ineffective Assistance of Counsel

Section 2255 petitioners have the burden of proof in demonstrating ineffective assistance of counsel. *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980). A defendant is denied the right to effective assistance of counsel when (1) his attorney's performance falls below "an objective standard of reasonableness," and (2) there is a "reasonable probability" that such ineffectiveness prejudiced the outcome of the trial. *Strickland*, 466 U.S. at 688, 695.

The first prong ("the performance prong") requires a petitioner to identify those acts or omissions by counsel that were "outside the wide range of professionally competent assistance." *Id*. at 690. A court must be highly deferential when assessing

counsel's performance, and "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Further, a court must make "every effort . . . to eliminate the distorting effects of hindsight." *Id.* at 689. As the *Strickland* Court explained, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* Thus, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

The second prong ("the prejudice prong") requires a petitioner to show a reasonable probability that, but for counsel's professional incompetence, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability of prejudice is one "sufficient to undermine confidence in the outcome." *Id*. Indeed, "[i]t is not enough for a defendant to show that the errors had some conceivable effect on the outcome of the proceeding. . . ." because "[v]irtually every act or omission of counsel would meet that test . . . ." *Id.* at 693.

### A. Claim 1: The Vienna Convention

Petitioner claims that his guilty pleas for offenses deriving from arrests on October 7, 2003, May 6, 2004, and May 13, 2004 were unconstitutionally obtained because he was not informed of his right to contact the Jamaican Consulate—an omission that violated the Vienna Convention. (Pet. at 5-7.) Petitioner claims that Mr.

Somohano's failure to notify him of this right constituted ineffective assistance of counsel.  (*Id.*)  This Court disagrees.

Mr. Somohano's failure to inform Petitioner of his Vienna Convention rights was not "outside the wide range of professionally competent assistance" required for a showing of ineffective assistance of counsel.  *See Strickland*, 466 U.S. at 690.  Considering the deference owed to Mr. Somohano's conduct, it was arguably reasonable for Mr. Somohano to not inform the Petitioner of his right to contact the Jamaican consulate.  Alternatively, even if Petitioner could establish that Mr. Somohano's failure to notify him of this right was "outside the wide range of professionally competent assistance", *see id.*, Petitioner's argument fails because he cannot show that such failure prejudiced him.

Petitioner—in an attempt to throw every hypothetical scenario at the court and hope one demonstrates prejudice—submits that had the Consulate been notified, it "would have provided special needs for the court to understand the defendant's . . . [language barrier], [cultural barrier], lack of resources, provided critical legal resources, representation, file[d] an amicus brief, and intervened directly [in] the proceedings of the defendant's [crack case] to the court."  (Pet. at 7.)  These alleged prejudices are vague and speculative at best.  Mr. Somohano asserts that Petitioner fully understood English and the ramifications of pleading guilty.  (Somohano Dec. at 3-5.)  Furthermore, it is likely that Petitioner's own attorneys were "far better able to explain the United States legal system to him than any other consular official would have been."  *Breard v. Green*, 523 U.S. 371, 377 (1998).

7

In *Green*, a case much like this one, the petitioner claimed that had the Vienna Convention been followed, he would have received a more favorable sentence. *Id.* at 373. The Supreme Court rejected this argument as "far more speculative than the claims of prejudice courts routinely reject in . . . cases [where] an inmate alleges that his plea of guilty was infected by attorney error." *Id.* at 377; *see also United States v. Briscoe*, 69 F. Supp.2d 738, 747 (D.V.I. 1999) (finding no evidence that the Jamaican Consulate could have offered any assistance that petitioner's attorney did not); *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 349 (2006) (noting that the Vienna Convention "secures only a right of foreign nations to have their Consulate *informed* of their arrest or detention—not to have their Consulate intervene, or to have law enforcement authorities cease their investigation pending any such notice or intervention"). Here, the Court finds that Petitioner's Vienna Convention claim is equally speculative and thus does not establish the "reasonable probability of prejudice" required to establish ineffective assistance of counsel. *Strickland*, 466 U.S. at 694.

### B. Claim 2: Melendez-Diaz

Petitioner's second claim is that Mr. Somohano's representation was ineffective because he failed to make an objection to the introduction of a laboratory report that established that the substance Petitioner possessed was cocaine base. (Pet. at 8-9.) Petitioner further argues that counsel was ineffective because he failed to cross-examine the chemist who authored the laboratory report. (*Id.*) These arguments, both based on *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2530-31 (2009), are misguided.

In *Melendez-Diaz*, the prosecution placed into evidence "three certificates of analysis" from forensic analysts stating that the substance possessed by the defendant was

8

cocaine. *Id.* at 2530-31. The defendant objected to the admission of the certificates, asserting that the Confrontation Clause and *Crawford v. Washington*, 541 U.S. 36 (2004) required the forensic analysts to testify in person. *Melendez-Diaz*, 129 S.Ct at 2531. The objection was overruled. *Id.* On appeal, the Supreme Court held that the certificates constituted affidavits, and thus fell within the "core class of testimonial statements" covered by the Confrontation Clause. *Id.* at 2532. Therefore, the defendant's Sixth Amendment right to cross-examination was violated when the defendant was not allowed to confront the forensic analysts who created the certificates. *Id.*

*Melendez-Diaz* is inapplicable here. In this case, Petitioner did not have a trial on the merits, rather he pled guilty to his charges. By pleading guilty, Petitioner waived his right to a jury trial and the associated rights to confront and cross-examine adverse witnesses. Therefore, Mr. Somohano's failure to (1) object to the laboratory report and (2) cross-examine the chemist who authored it was not an error, and thus, does not constitute ineffective assistance of counsel.

**CONCLUSION**

For the reasons stated above, the Petition is **DISMISSED** with prejudice.


                                                                      s/Susan D. Wigenton, U.S.D.J.


Orig:   Clerk
Cc:     Parties